IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DALTON T. EDMONDS,<br><br>    Plaintiff,<br><br>    v.<br><br>MEDMARK TREATMENT CENTERS<br>WANDA DOMINIC,<br>SHANTIER BARNES,<br>BALTIMORE CO. DETENTION CENTER,<br><br>    Defendants. | Civil Action No.: PX-24-2878 |

**MEMORANDUM OPINION**

Pending in this civil rights action are Defendants' Baltimore County Detention Center ("BCDC"), Nurse Shantier Barnes, Wanda Dominic, and Medmark Treatment Centers ("Medmark")'s motions to dismiss the Complaint. ECF Nos. 15 & 16. Although the Clerk notified Edmonds of his right to respond to the motions, he never did, and the time for responding has long passed. *See* ECF Nos. 17 & 18. *See also* Local Rule 102(b)(iii) (D. Md. 2025). For the following reasons, the Court grants the motions.

**I.     Background**

On August 30, 2024, and while detained at BCDC, Edmonds expected to receive "maintenance medication," or his regular "dosing" to treat his drug addiction. ECF No. 1 at 3. Nurse Barnes denied him his dosing on that day because, according to her, Edmonds had something plastic in his mouth. ECF No. 1 at 3. Despite Edmonds' efforts to show Nurse Barnes he had nothing in his mouth, she still refused to "dose" him, causing him to go 48 hours without his medication. *Id*. As a result, Edmonds started having withdrawal symptoms and threw up. *Id*.

## II. Standard of Review

Defendants move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In reviewing the motions, the Court accepts the well-pleaded allegations as true and in the light most favorable to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).

Although pro se pleadings are construed generously to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), courts cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The special judicial solicitude with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.") (internal citation omitted)). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009).

## III. Discussion

Defendant BCDC contends that it is not a proper "person" capable of being sued under 42 U.S.C. § 1983. ECF No. 15. *See* 42 U.S.C. § 1983 (extending liability to "[e]very *person* who,

2

under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured.") (emphasis).  Because BCDC is neither a person nor an entity capable of being sued in this capacity, the claims are dismissed as to it.  *See Grant v. Barnwell County Detention Center,* Civ. No. 4:17-2120-BHH-Ter, 2017 WL 4174771 (D. S.C., Aug. 25, 2017) (citing *Preval v. Reno*, 203 F.3d 831 (4th Cir. 200) (unpublished)).

As for Medmark, Edmonds simply refers the company in the case-caption, but includes no facts to make plausible any theory of liability as to it.  ECF No. 1.  Accordingly the Complaint is dismissed as to Medmark.  Similarly, no Complaint facts allege any cause of action as to Defendant Wanda Dominic.  As Defendant Barnes' supervisor, Dominic simply communicated to Barnes her desire to talk to Barnes about the incident with Edmonds.  *Id.* at 4.  This minimal involvement alone cannot make her liable for any constitutional wrongdoing.

Last, Barnes is accused of denying Barnes a single dose of medication that, at worst, caused him to experience withdrawal symptoms for 48 hours.  The claim, most charitably construed, is one for denial of constitutionally adequate medical care in violation of Edmonds' Eighth Amendment right to be free from cruel and unusual punishment.  *Gregg v. Georgia*, 428 U.S. 153, 173 (1976).  To survive dismissal, the Complaint must make plausible that Barnes denied Edmonds his medication with deliberate indifference to his serious medical needs.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008).  "Deliberate indifference is a very high standard – a showing of mere negligence will not meet it."  *Grayson v. Peed*, 195 F.3d 692, 695-96 (4th Cir. 1999).  "[T]he Constitution is designed to deal with deprivations of rights, not errors in judgment, even though such errors may have unfortunate consequences."

*Grayson*, 195 F.3d at 695-96; *see also Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (describing the applicable standard as an "exacting"). A mere disagreement between an inmate and a healthcare provider over the appropriate level of care does not establish an Eighth Amendment violation absent exceptional circumstances. *Scinto v. Stansberry*, 841 F.3d at 219, 225 (4th Cir. 2016). Deliberate indifference specifically requires the plaintiff to show that objectively, he was suffering from a serious medical need and that, subjectively, the prison staff was aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A "serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko*, 535 F.3d at 241 (internal quotation marks and ellipses omitted).

When viewing the Complaint facts most favorably to Edmonds no facts make plausible that denial of a single dose of medication alone amounts to an Eighth Amendment violation. Nothing suggests that Barnes denied the medication with deliberate indifference. Rather, Barnes believed that Edmonds had something in his mouth, which plausibly explains why she did not give him his medication.

Alternatively, the Complaint does not include sufficient facts to make plausible that Edmonds' medical needs were serious. This is not to minimize the seriousness of drug addiction. Rather, on these Complaint facts, the Court simply cannot conclude Edmonds made plausible that his personal medical needs were serious. For these reasons, the Complaint must be dismissed.

### IV. Conclusion

Defendants' motions to dismiss are granted and the Complaint is dismissed. When a complaint filed by a prisoner is dismissed in its entirety because it is frivolous, malicious or fails

4

to state a claim, the dismissal qualifies as a "strike" under the provisions of 28 U.S.C. § 1915(g). *See Blakely v. Wards*, 738 F.3d 607, 610 (4th Cir. 2013) (dismissal of complaint on grounds enumerated in § 1915(g), and not procedural posture at dismissal, determines whether the dismissal qualifies as a strike). *See also Lomax v. Ortiz-Marquez*, 590 U.S. 595, 599 (2020). The Court reminds Edmonds that under 28 U.S.C. § 1915(g) he will not be granted *in forma pauperis* status if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury." *See Pitts v. South Carolina*, 65 F.4th 141, 145-46 (4th Cir. 2023) (holding district court may not, at the time it dismisses a complaint under §1915(e), determine that the dismissal will count as a strike in the future application of § 1915(g)'s three-strike rule).

    A separate Order follows.

| | |
|---|---|
| 1/20/26 | /S/ |
| Date | PAULA XINIS<br>United States District Judge |